IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Konni Fleming, | : | |
| Plaintiff | | Civil Action 2:12-cv-198 |
| | : | |
| v. | | Judge Watson |
| | : | |
| Michael J. Astrue, | | Magistrate Judge Abel |
| Commissioner of Social Security, | : | |
| Defendant | | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Konni Fleming brings this action under 42 U.S.C. §§405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her applications for Social Security Disability and Supplemental Security Income benefits. This matter is before the Magistrate Judge for a report and recommendation on the administrative record and the parties' merits briefs.

**Summary of Issues.** Plaintiff Fleming maintains that she became disabled, at age 44, due to swelling of her feet and legs. (*PageID* 173.) She was 47 years old at the time of the hearing before the administrative law judge. The administrative law judge found that Fleming retains the ability to perform a reduced range of work having sedentary exertional demands. (*PageID* 100.)

Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because:

- The administrative law judge's residual functional capacity assessment is unsupported by substantial evidence;

- The administrative law judge failed to properly evaluate the opinion of the examining physician.

**Procedural History.** Plaintiff Fleming filed her applications for disability insurance benefits and supplemental security income on April 13, 2009, alleging that she became disabled on October 12, 2008. (*PageID* 153-54, 155-57.) The applications were denied initially and upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge. On May 31, 2011, an administrative law judge held a hearing at which plaintiff, represented by counsel, appeared and testified. (*PageID* 62-74.) Medical and vocational experts also testified. (*PageID* 74-85.) On July 5, 2011, the administrative law judge issued a decision finding that Fleming was not disabled within the meaning of the Act. (*PageID* 94-107.) On January 9, 2012, the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Commissioner of Social Security. (*PageID* 33-36.)

**Age, Education, and Work Experience.** Fleming was born February 9, 1964. (*PageID* 105, 155.) She has high school education and attended special job training in childhood development. (*PageID* 177.) Fleming previously worked as a pre-school teacher and daycare teacher. (*PageID* 174, 179.)

**Plaintiff's Testimony.** Fleming testified at the administrative hearing that she lives in a two story house, but does not go up and down the stairs "because I can't. It hurts to walk up and down the steps." (*PageID* 63.) She goes to the free clinic for medical care: to obtain her high blood pressure medication or if her legs hurt. (*PageID*

64-65.) She stopped working at her last full time job as a preschool teacher because the school went bankrupt. (*PageID* 65-66.) She then went to work at a day care center but she was fired for unknown reasons. (*PageID* 66.) She did not look for work elsewhere because that was when she started feeling "really, really bad in my legs." *Id.*

Plaintiff testified that her doctor told her the problem with her feet and legs is caused by high blood pressure. (*PageID* 68.) She takes medication everyday to help her blood pressure. *Id.* Fleming noted that if she had to sit for a long period of time, for 10-15 minutes, her legs fall asleep. (*PageID* 69.)

Fleming, who is 5' 5" tall, testified that her weight was 393 pounds, and her highest weight had been 422 pounds. (*PageID* 70.) She was trying to lose weight. *Id.*

When cross examined by her counsel, Fleming testified that when her legs fall asleep or she gets pain in her legs, she grabs them, massages or swings them. (*PageID* 70.) Fleming testified that she spent most of her day lying down and elevating her legs. *Id.* She testified that she can lift her grandson, who is approximately 30 pounds, about 4 times a day; but is tired afterward. (*PageID* 71.) She also suffers from fatigue, including after walking. (*PageID* 72.)

**Medical Evidence of Record.** The administrative law judge's decision fairly sets out the relevant medical evidence of record. This Report and Recommendation will only briefly summarize that evidence. Although Fleming underwent a consultive psychological examination, plaintiff's assignments of error relate entirely to her physical

impairments. Accordingly, the Court will focus its review of the medical evidence on Fleming's alleged physical impairments.

Tennessee Department of Health

On June 2, 2009, Fleming complained to the clinic nurse that she had swelling in her feet at legs for one year that was getting worse. (*PageID* 249.) She had not seen a physician for 2 years. Upon examination, Fleming had "very swollen" bilateral lower extremities with pitting edema and bilateral weak pedal pulses. *Id.* On June 3, 2009, Fleming's blood pressure was 200/130 and she reported a "slight" headache. (*PageID* 246.) When seen for follow-up of her hypertension on June 9, 2009, Fleming's blood pressure was 190/106 and her weight was recorded at 408 pounds. (*PageID* 247.) On June 17, 2009 Fleming's weight was recorded at 399.8 pounds. (*PageID* 246.)

Jerry Lee Surber, M.D.

Examining physician, Dr. Surber, reported in June 2009 that there were no test results pending and no medical records available for his review. (*PageID* 284.) Fleming reported problems with obesity and she complained of shortness of breath on minimal exertion with no chest pain, stating she had hypertension and gastroesophageal reflux disease. She also complained of pain, worse in cold and rainy weather accompanied by stiffness and fatigue. She further reported that she had been told she has arthritis and she complained of intermittent pain in her left greater than right neck and right greater than left lower back pain with numbness, burning, and tingling in her hands and feet and pain on weight bearing in her left greater than her right knee. She had no

4

limitations of functional mobility in either area or in any of her extremities or joints. She used no type of assistive device. (*PageID* 287.)

Examination showed unlimited mobility in her right and left shoulders, elbows, hips, knees, ankles, wrists, hands, and fingers including both thumbs. (*PageID* 286.) Dr. Surber also reported that Fleming had no gross asymmetry in any of her major muscle groups nor any evidence of muscle wasting. *Id.* Fleming was able to do a voluntary squat and stand maneuver about one-third of the way down, straight-leg raises were accomplished in the sitting and supine positions. She was able to perform a straightaway walk, but not a tandem or heel-toe walk. She had a waddling, limping antalgic gait towards the right. *Id.* Fleming was 65" tall and weighed "possibly in excess of 500 pounds." (*PageID* 285.)

Dr. Surber diagnosed Fleming with super morbid obesity appearing in excess of 500 pounds, shortness of breath on minimal exertion consistent with chronic obstructive pulmonary disease and congestive heart failure, Fleming had a 23 year his of smoking one-half or mor packs of cigarettes a day and continued to smoke, hypertension, gastroesophageal reflux disease, bilateral plantar fasciitis, and pain in her neck and back. (*PageID* 286-87.)

Dr. Surber opined that Fleming would be able to occasionally lift or carry possibly 10 to 25 pounds, stand or walk with normal breaks up to 2 to possibly, 4 hours in an 8-hour workday, or sit with normal breaks up to 6 hours in an 8-hour workday. (*PageID* 287.)

Saul Juliao, M.D./Marvin Cohn, M.D.

In July 2009, Dr. Juliao, a state agency physician, conducted a physical residual functional capacity assessment based on plaintiff's medical records. (*PageID* 290-98.) Dr. Juliao found that Fleming retained the ability to occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk about four hours in an eight-hour workday, sit for about six hours in an eight-hour work day, and push or pull was unlimited. (*PageID* 291.) He found Fleming could never climb ladders/ropes/scaffolds, and could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (*PageID* 292.) Dr. Juliao further found that Fleming should avoid concentrated exposure to extreme heat and cold, and hazards such as machinery and heights. (*PageID* 294.) Dr. Juliao found Fleming's statements were only partially credible, noting that even though Fleming alleged she cannot stand or sit for prolonged periods of time, her activities of daily living and diagnostic evidence indicate a higher function than alleged. (*PageID* 297.) Another state agency physician, Dr. Cohn affirmed Dr. Juliao's assessment in October 2009. (*PageID* 271.)

Lynn Torello, M.D.

Dr. Torello, completed a Basic Medical form on November 29, 2010 and noted that Fleming had back pain, neck pain, and bilateral lower extremity edema. Plaintiff was 65" tall and weighed 398 pounds. (*PageID* 344-45.) X-rays of the right knee demonstrated moderate tricompartmental osteoarthritis and likely a loose intra-articular body measuring approximately 1 cm. (*PageID* 349.) Based on her examination,

6

the x-rays, and plaintiff's severe obesity, Dr. Torello opined that Fleming could stand or walk up to one hour per day for 10 minute intervals; sit for an entire eight hour workday without limitation; lift and carry only up to five pounds frequently and occasionally; and had moderate limitations bending. Dr. Torello concluded that Fleming would be unemployable for 12 months or more. . (*PageID* 345.)

In a medical addendum, Dr. Torello opined that Fleming could walk ½ block, stand 10 minutes, sit 10-15 minutes, and lift 5 pounds. (*PageID* 346.) Dr. Torello stated that Fleming was unable to do a heel/toe walk, had difficulty moving on and off the table, going from lying to sitting, and rising from sitting. *Id.* She also exhibited a waddling, slow, antalgic gait, and was unable to do a tandem gait. *Id.*

Darryl Cherdron, M.D. - Medical Expert

Dr. Cherdron, a board-certified pathologist, testified as the medical expert at the administrative hearing. (*PageID* 74-78.) Dr. Cherdron testified that Fleming's documented impairments would consist of obesity, hypertension, major depressive disorder, and degenerative joint disease of the right knee. (*PageID* 75.) Dr. Cherdron opined that Fleming's impairments did not meet or medically equal any listing, either singly or in combination. *Id.* Dr. Cherdron characterized Fleming's residual functional capacity as being able to lift and/or carry five pounds frequently and ten pounds occasionally; sit for six hours in an eight-hour day with a stand/sit position change every hour; stand and/or walk one to two hours in an eight-hour workday with a five-minute break every thirty minutes; occasional bending, crouching, squatting, stooping,

stairs, and balancing. In addition, Dr. Cherdron found that Fleming should not crawl, avoid the use of foot controls, should not climb ropes or ladders, avoid unprotected heights and avoid concentrated exposure to extreme hot and cold. (*PageID* 75-76.) Dr. Cherdron explained that the standing and walking limitations were attributable to edema in Fleming's feet as well as obesity. (*PageID* 76-77.)

Dr. Cherdron opined that the edema in Fleming's feet could be related to hypertension or mild congestive heart failure, but that he did not find documentation in the record to support a diagnosis of chronic obstructive pulmonary disease or congestive heart failure. (*PageID* 76.) Fleming's standing and walking restrictions are related to her edema and her weight. (*PageID* 77.)

When cross-examined by Fleming's counsel, Dr. Cherdron testified that the lifting limitation was reasonable as it was in the middle of two other medical opinions, one which suggested that Fleming could lift 10 pounds frequently and 20 pounds occasionally, and another one that indicated Fleming could only lift five pounds, both frequently and occasionally. (*PageID* 77-78.)

**Administrative Law Judge's Findings.** The administrative law judge found that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since October 12, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments that can best be described as hypertension; degenerative joint disease of the right knee; obesity; and a major depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR part 404, subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [administrative law judge] finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can only lift and/or carry 5 pounds frequently and 10 pounds occasionally, sit for a total of 6 hours in an 8-hour workday with a stand/sit position change every hour, stand or walk a total of 1-2 hours in an 8-hour workday with 5 minute breaks every 30 minutes, and occasionally bend, crouch, squat, stoop, climb stairs, and balance. She is precluded from crawling and climbing ropes and ladders, and she should avoid the use of foot controls, unprotected heights, and concentrated exposure to temperature extremes. Mentally, the claimant has mild difficulty in her ability to consistently understand and remember complex instructions, directions, and procedures within the job setting; mild-to-moderate difficulty in her ability to exhibit sustained concentration and persistence for making complex decisions within the work environment; mild to moderate difficulty in her ability to persist during workdays without interruptions from psychological symptoms; mild difficulty in her ability to consistently and appropriately interact with the general public and with various personnel within the job environment; mild difficulty in her ability to consistently and appropriately respond to various changes in the job schedule on an independent basis; and mild difficulty in her ability to consistently and appropriately take needed precautions against recognized hazards within the job setting.

6. The claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 9, 1964 and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changes age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability

> because using Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from October 12, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(*PageID* 96-107.)

**Standard of Review**. Under the provisions of 42 U.S.C. §405(g), "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)). It is "'more than a mere scintilla.'" *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)

(quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1950)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir. 1985).

**Plaintiff's Arguments.** Fleming argues that the decision of the Commissioner denying benefits should be reversed because:

- <u>The administrative law judge's decision and residual functional capacity lacks substantial evidence and is contradictory.</u>  According to plaintiff, the residual functional capacity adopted by the administrative law judge is not supported by evidence that a reasonable person would accept as adequate because the administrative law judge's reasoning is internally inconsistent and legally flawed.  Plaintiff contends that even though the administrative law judge stated that he adopted the exact physical residual functional capacity that the medical expert, Dr. Cherdron, gave at the hearing, Dr. Cherdron's opinion and the administrative law judge's holdings are in conflict.

- <u>The administrative law judge failed to properly evaluate the opinion of the examining physician, Dr. Torello.</u>  Fleming argues that the administrative law judge found that she could perform a reduced range of sedentary work including standing or walking for up to two hours per day and lifting up to 10 pounds occasionally, yet Dr. Torello found that Fleming would be unable to be on her feet for two hours per day and would be limited to lifting five pounds.  Fleming further contends that Dr. Torello's opinion is supported by the record,

11

which demonstrates that Fleming had suffered from extreme obesity and demonstrated chronic significant bilateral lower extremity swelling.

**Analysis**

<u>The administrative law judge's residual functional capacity finding is supported by substantial evidence.</u>  Plaintiff's first claim of error finds fault with the administrative law judge's residual functional capacity determination.  Plaintiff essentially argues that in determining her residual functional capacity, the administrative law judge improperly relied on the opinion of Dr. Cherdron, who testified at the hearing as the medical expert.  In assessing Fleming's residual functional capacity, the administrative law judge gave the most weight to and relied primarily on Dr. Cherdron's opinion concerning plaintiff's limitations.  (*PageID* 100-01.)  The administrative law judge explained that given Dr. Cherdron's specialty as a pathologist, Dr. Cherdron's opinion on plaintiff's functioning was entitled to greater weight as he is well qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to medical severity.  (*PageID* 100.)  The administrative law judge also noted that Dr. Cherdron had access to the entire record and had the opportunity to observe Fleming throughout the course of the proceedings.  (*PageID* 101.)  The administrative law judge reasonably determined that Dr. Cherdron's assessment was more consistent with and supported by objective clinical and laboratory findings found in the record.  *Id.*  The administrative law judge also considered and incorporated the lifting restrictions imposed by Dr. Cherdron, who after reviewing all

of the medical evidence, reasonably determined that Fleming could lift ten pounds occasionally. (*See PageID* 76.)

In *Richardson v. Perales*, 402 U.S. 389, 408 (1971), the Supreme Court held that it is acceptable for the administrative law judge to use a medical expert, because the expert's primary duty is to make complex medical cases understandable to the layman examiner. Moreover, the medical expert can offer his own opinion regarding the claimant's condition. *See* 20 C.F.R. § 416.927(f)(2). The administrative law judge can properly rely on the testimony of a non-examining medical expert in order to make sense of the record. *See Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001). In addition, an administrative law judge's reliance on the opinion of a non-examining medical expert is proper if the expert's opinion is based on objective reports and opinions. *See Barker v. Shalala*, 40 F.3d 789, 794-95 (6th Cir. 1994); *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1308-09 (6th Cir. 2001).

Based on the record as a whole, the administrative law judge's decision to give the most weight to the opinion of Dr. Cherdron is supported by substantial evidence and was not in error.

Opinion of Dr. Torello

Plaintiff argues that as an examining doctor, Dr. Torello's opinion is entitled to greater weight than a non-examining doctor citing to 20 C.F.R. § § 404.1527(d)(1); 416.927(d)(1). Plaintiff further asserts that Dr. Torello's findings clearly support her contention that she is unable to sustain full-time employment. Dr. Torello completed a

13

Basic Medical form for the Ohio Department of Jobs and Family Services and opined that plaintiff suffers from back pain, neck pain, and bilateral lower extremity edema. (*PageID* 344-45.) Dr. Torello assessed physical limitations that would preclude gainful employment. But as the administrative law judge explained, Dr. Torello's opinions were "inconsistent with other medical opinions and with the totality of the medical evidence of record. Dr. Cherdron specifically testified, as to the portion of the opinion that provided that the claimant could only lift and carry up to 5 pounds occasionally, that the opinion was too restrictive, as other opinions provided that the claimant could lift and carry as much as 20 or 25 pounds." (*PageID* 101, citation to record omitted.) Moreover, other than the Basic Medical form and the contemporaneous x-rays of the right knee, no additional treatment notes or clinical findings from Dr. Torello appear in the record. Thus, based on the absence of objective medical support, the administrative law judge properly discounted Dr. Torello's findings. *See Tilley v. Commissioner of Social Security*, Case No. 09- 6081, 2010 WL 3521928, *6 (6th Cir. Aug. 31,2010). *See also*, *McClanahan v. Astrue*, 2011 WL 672059 (S.D. Ohio Feb. 16, 2011) (Barrett, J.) ("the essential problem with the four pages of forms that make up [the doctor's] opinion is that it is entirely conclusory. Other than stating that his observations are based on physical exams and history, [the doctor] gives no indication of what evidence his opinion is based on"); *Ball v. Comm'r of Soc. Sec.*, 2010 WL 5885538 (S.D. Ohio Sept. 7, 2010) (Wehrman, MJ) ("where a physician's conclusions regarding a claimant's capacity contain no substantiating medical data or other evidence, the administrative law judge

14

is not required to credit such opinions"); *Wallace v. Astrue*, 10-199 (S.D. Ohio July 14, 2010) (Ovington, MJ) (administrative law judge reasonably did not give controlling or substantial weight to treating physician's opinion where the doctor "provided no reasons in support of her opinions" apart from "listing several diagnoses and noting [the claimant's] 'severe pain'").

In addition, a physician's statement that a claimant is disabled is of course not determinative of the ultimate issue. *See, Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). A physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an individual is under a disability. *Id.* The weight accorded to a physician's opinion is dependent on whether it is well supported by medically acceptable clinical and laboratory techniques and whether it is inconsistent with the other substantial evidence in the record. *Cf., Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284 (6th Cir. 1994). Stated differently, the Commissioner may properly reject a physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Cf., Kirk v. Secretary of Health and Human Services*, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). However, the administrative law judge must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating

source's medical opinion and the reasons for that weight." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242, (6th Cir. 2007)(citation omitted).

From a review of the record as a whole, I conclude that there is substantial evidence supporting the administrative law judge's decision denying benefits. Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social Security be **AFFIRMED.** It is **FURTHER RECOMMENDED** that plaintiff's motion for summary judgment be **DENIED** and that defendant's motion for summary judgment be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

  s/Mark R. Abel  
United States Magistrate Judge